STATE v. OCEAN SHORE IMPROVEMENT DISTRICT, *et al.*

156 So. 433.
Opinion Filed April 3, 1934.
Petition for Rehearing Denied July 31, 1934.

*Murray Sams,* State Attorney, *Isaac A. Stewart* and *Stewart & Stewart,* for Appellant;

*Francis P. Whitehair* and *Hull, Landis & Whitehair,* for Appellees.

PER CURIAM.—This appeal is from a decree validating $1,712,000 refunding bonds of Ocean Shore Improvement District, Appellee. Fifteen questions are argued in this Court, but all of them may be treated in a much more comprehensive scheme. Essentially these questions are raised. (1) In view of the limitations placed on the State to issue bonds by Section six of Article nine of the Constitution, is it competent for the Legislature to authorize smaller units or taxing districts to issue bonds for other and different purposes? (2) Section seven of Chapter 10013, Acts of 1923, creating Appellee is void and unconstitutional, being an unauthorized delegation of the taxing power? (3) Can a validating act or decree of the Court give life to an Act of the Legislature which is *per se* void and unconstitutional? (4) Is that portion of Chapter 10013, Acts of 1923, imposing a property qualification to be a trustee of Appellee, Ocean Shore Improvement District and providing that said trustees be not appointed by the Governor or elected by the people valid? (5) Is that portion of Chapter 10013, Acts of 1923, and amendments thereto relative to districting in Volusia and Flagler Counties, valid? (6) Can a taxing or bonding district be legally created by the Legislature without a determination of benefits? (7) Chapter 10013, Acts of 1923, is a violation of Sections one and two, Article eight of the Constitution of Florida.

We have examined each of these questions carefully and have read the extensive briefs of counsel supporting them. An opinion discussing them could serve no useful purpose because they have all been answered in previous adjudications of this Court.

. We have repeatedly approved the issuances of bonds by minor taxing units, under legislative authority for purposes other than those for which the State is authorized to issue

them. Bannerman v. Catts, 80 Fla. 170, 85 So. 336, Lainhart v. Catts, 73 Fla. 735, 75 So. 47, Lewis *et al.* v. Leon Co., 91 Fla. 118, 107 So. 146. The record discloses that all the bonds and certificates of indebtedness brought in question were regularly issued as required by law, that they were regularly validated and approved by decree of the Circuit Court at the time of issuance and no constitutional objection to the Acts under which they were issued is made to appear. A taxing district is not covered by that provision of the Constitution requiring that all officers be elected by the people or appointed by the Governor, consequently the Legislature is at liberty to require that bond trustees or supervisors of such districts be designated in other ways, and that voting in said districts be limited to property owners. We see nothing arbitrary or unreasonable with reference to districting Ocean Shore Improvement District and designating its Bond Trustees in reference to Volusia and Flagler Counties. All other questions raised were foreclosed in the former validating proceedings, and in a suit like this to validate refunding bonds, it would not be proper to litigate questions raised and settled in former suits, no fundamental defects being made to appear. Thompson v. Town of Frostproof, 89 Fla. 92, 103 So. 118, Weinberger v. Board of Public Instruction of St. Johns Co., 93 Fla. 470, 112 So. 253, State v. City of Miami, 103 Fla. 54, 137 So. 261.

The decree below is accordingly affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, J., concurs in the conclusion.

ELLIS, J. (concurring).—For the first time in the judicial history of this State since the adoption of the Consti-

tution of 1885 has the question been squarely presented to this Court whether it is within the power of the Legislature in view of the limitations placed upon that body by Section 6 of Article IX of the Constitution to empower political subdivisions of the State or smaller taxing units as political agencies of the State to issue bonds which become potential obligations of the State for other purposes than those specified in the Section of the Constitution referred to. above.

The question was not involved nor decided in Bannerman v. Catts, 80 Fla. 170, 85 South. Rep. 336. The attack was upon the validity of the Acts creating the Everglades Drainage District, Chapter 6456, Acts ·1913, and amendments. After disposing of some constitutional questions the learned Circuit Judge who wrote the opinion said : "There being no constitutional prohibition against the passage of such statute, the Act is valid." Text 343.

It was at the time that case was decided generally conceded that bonds issued by drainage districts or smaller taxing agencies than the State could not be assumed indirectly by the State and paid by the levy of a State excise tax. See Martin v. Dade Muck Land Co., 95 Fla. 530, 116 South. Rep. 449. But see Carlton v Mathews, 103 Fla. 301, 137 South. Rep. 815.

In Lainhart v. Catts, 73 Fla. 735, 75 South. Rep. 47, the question was not presented. In that case the validity of Chapter 6456, *supra,* was attacked but not on the ground that the Legislature had no power to authorize the issuing of bonds by the district. Nor was the point presented in Lewis v. Leon County, 91 Fla. 118, 107 South. Rep. 146.

It is true that this Court has in many cases upheld the validity of bonds issued by counties and smaller taxing districts created by legislative authority but in no case was

the point which is presented in this case either made by the attorneys, referred to by the Court, or discussed in any phase of it.

Aside from that single question I have no difficulty in agreeing to the conclusion reached in this case and the argument of the learned counsel for the Appellees both as contained in their excellent brief and as expressed in oral discussion before the Court in January of the present year.

I do, however, earnestly hope that at some time this Court will meet the question on its merits and if it may find no other authority for the exercise of the legislative power challenged in this case than to point out that the inhibition upon the Legislature definitely placed by Section 6 of Article IX of the Constitution is limited to the issuing of *State* bonds that the Court will say so.

## On Petition for Rehearing

Per Curiam.—On petition for rehearing, the constitutional validity of Chapter 10013, Acts of 1923, Chapter 10952, Acts of 1925, and Chapter 14776, Acts of 1931, are again vigorously challenged. The court has at great pains and labor reviewed these acts and the entire record in the cause. In the light of developments since their enactment, the provisions and assessments imposed by them will no doubt work a hardship on many of the landowners but this is not a cause that the court can now relieve against. We have examined every question raised and are conscious of no reason for changing our opinion as formerly expressed.

It is accordingly affirmed on rehearing.

Davis, C. J., and Whitfield, Ellis, Terrell, Brown and Buford, J. J., concur.