O’CONNELL, Justice.
In this interlocutory appeal we are asked to declare unconstitutional that portion of Chapter 29279, Special Acts of 1953, which requires that the City Commissioners of the City of Melbourne shall have been “ * * * freeholder electors of the city for at least one year immediately preceding their qualifying for office * *
Appellant, Ted Nichols, and appellee, Leslie Bolon, were opposing candidates for the office of City Commissioner of the City of Melbourne. Nichols was elected, but before he was seated Bolon brought suit in circuit court challenging Nichols’ qualifications. On petition of Bolon the circuit court issued a temporary order enjoining the City from administering the oath of office to Nichols. Nichols moved to dissolve the injunction on the ground that the provision of the city charter, inserted therein by ch. 29279, supra, was unconstitutional. The chancellor denied the motion, holding the statute to be valid. This appeal followed.
It is not disputed here that Nichols had not been a freeholder elector of the City for one year prior to his qualifying for office.
Mr. Nichols’ argument seems to be that Section 5, Article VI of the Florida Constitution, F.S.A., which directs the Legislature to exclude from “every office of honor, power, trust or profit” all persons who have been convicted of certain crimes, operates, by the principle of expressio tmius est exclusio alterius, to prohibit the legislature from establishing any other qualifications for any office, including municipal offices.
This contention is not sound. Neither precedent nor reason supports it. This court dealt with the precise question in the early case of State ex rel. Moodie v. Bryan, 1905, 50 Fla. 293, 39 So. 929. This court there said:
“Section 5 of article 6 of the Constitution * * * does not deal with the general subject of disqualifications of persons for office, but it simply makes it the duty of the Legislature to enact the necessary laws to exclude from every office within the state the persons falling within the classes therein named. It does not undertake to make such enumerated persons the only persons who may be excluded from offices to be established by the Legislature. * * * [This section] grants no power or authority, but simply prescribes a duty, requiring the Legislature to enact laws excluding from every *469 office the persons enumerated therein; but the language used cannot be said to forbid the Legislature from enacting laws excluding other persons than those named from statutory offices. The principle of the maxim, 'Expressio unius est exclusio alterius,’ should he applied with great caution to the provisions of an organic law relating to the legislative department, and we are of the opinion that it is not applicable ■here.”
In the Bryan case, supra, we held that the legislature could prescribe qualifications for members of the state board of control. In subsequent cases we have held similarly •concerning members of the Board of Commissioners of Overseas Road and Toll Bridge District, Advisory Opinion to the Governor, 1945, 156 Fla. 166, 168, 23 So.2d 158; members of a special taxing district, State v. Ocean Shore Improvement District, 1934, 116 Fla. 284, 156 So. 433; and members of a sanitary district, Town of Palm Beach v. City of West Palm Beach, Fla.1951, 55 So.2d 566. Moreover, the plenary power of the legislature over municipal corporations under Article VIII, Section 8 has been repeatedly affirmed by this court. State v. Dade County, Fla. 1962, 142 So.2d 79; Cobo v. O’Bryant, Fla. 1959, 116 So.2d 233. And in State ex rel. Gibbs v. Couch, 1939, 139 Fla. 353, 190 So. 723, a majority of this court held, via the •concurring opinion of Mr. Justice Whitfield, that the use of the words "alter or amend” in this section
“gives express authority to change the policy or principles underlying the provisions of a municipal charter in this State, so that officers of a municipality may be appointed by the Governor or otherwise chosen as statutes may enact.”
The precedents primarily relied upon by appellant are not embarrassing to the view adopted herein. In State ex rel. Attorney-General v. George, 1887, 23 Fla. 585, 3 So. 81, the holding was merely to the effect that in the absence of statutory or constitutional provision, a person could not be excluded from holding municipal office because he lacked certain qualifications required by law of voters. The inference is that qualifications may be prescribed by statute. Thomas v. State ex rel. Cobb, Fla. 1952, 58 So.2d 173, 34 A.L.R.2d 140, did not relate to municipal office, but to the office of county superintendent of public instruction, an office specifically created in the constitution. The legislature may not prescribe qualifications for a constitutional office unless specifically authorized by the constitution.
The chancellor was correct in holding that the legislature has the power to impose qualifications for municipal office. The qualification in question is not unreasonable.
The order appealed from is affirmed.
THORNAL, C. J., and THOMAS, ROBERTS, DREW, CALDWELL and ERVIN, JJ., concur.