Reubin O'D. Askew Governor Tallahassee
QUESTION:
May a member of the City of Miami's off-street parking board also serve as a member of the board of trustees of a community college district?
SUMMARY:
A member of the City of Miami's off-street parking board may also serve as a member of the board of trustees of a community college district since a district office is neither a state, county, nor municipal office for purposes of s. 5(a), Art. II, State Const.
Section 5(a), Art. II, State Const., provides in pertinent part that `[n]o person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein . . . .' In AGO 075-153, this office concluded that a member of a board of trustees of a community college district is an officer of a special district which has been created pursuant to law to perform a special governmental function and is not a state, municipal, or county officer within the meaning of s. 5(a), Art. II, State Const. Attorney General Opinion 075-153 relied on AGO 073-47 which likewise held that a member of a junior college board of trustees is not a state, county, or municipal officer within the purview of s. 5(a), Art. II, State Const. It was stated therein that:
 . . . it has long been settled that officers of a special district or authority which has been created by statute to perform a special state or county function are not state, municipal, or county officers within the meaning of the Constitution.
My predecessor in office noted in AGO 069-49, that, in construing other provisions of the 1885 State Constitution which involved the phrase `state, county and municipal officers,' the Supreme Court in each instance held that this language did not include special district officers. Although no case has been found which involves a construction of s. 5(a), Art. II, State Const., as it relates to officers of special districts, I see no reason why similar constitutional provisions which have been construed to exclude district officials from the definition of state, county, or municipal officers would not be authoritative in deciding this question. Accord: Johnson v. Johanson, 338 So.2d 1300 (1 D.C.A. Fla., 1976), in which the court noted, `[i]f the council presidency is a city or county office within the application of the removal provisions in s. 7, Art. IV, no reason is apparent why the presidency should not also be considered an `office' within the meaning of s. 5(a), Art. II, of the same Constitution . . . .'Also see State v. Ocean Shore Improvement District, 156 So. 433
(Fla. 1934); State v. Reardon, 154 So. 868 (Fla. 1934); State exrel. Smith v. Hamilton, 166 So. 742 (Fla. 1936); Town of Palm Beach v. City of West Palm Beach, 55 So.2d 566 (Fla. 1951); Bair v. Central and Southern Florida Flood Control District,144 So.2d 818 (Fla. 1962), and AGO 078-11 and Attorney General Opinions cited therein discussing the legal status of special districts. Thus, if a district office is not a state, county, or municipal office as contemplated by other similar or analogous provisions of the State Constitution, it would appear that it is likewise not an office for purposes of s. 5(a), Art. II.
This office, therefore, continues to be of the view that officers of special districts are neither state, county, nor municipal officers as contemplated by s. 5(a), Art. II, State Const.
Prepared by: Sharyn L. Smith, Assistant Attorney General