Ms. Gina Salinsky Police Pension Administrator City of Coral Springs Police Pension Board 9551 West Sample Road Coral Springs, Florida 33065
Dear Ms. Salinsky:
On behalf of the City of Coral Springs Police Pension Board, you have asked for my opinion on the following question:
May the "fifth member" of the City of Coral Springs Police Pension Board whose term has expired remain in that office until such time as he or she is reelected or a replacement is elected?
In sum:
The "fifth member" of the City of Coral Springs Police Pension Board may hold over as a de facto officer until a successor qualifies but is not required to do so by Article II, section5(b), Florida Constitution.
The City of Coral Springs City Code provides for the Coral Springs Police Officers' Pension Plan.[1] This pension plan is administered by a board of five trustees in accordance with section 185.05, Florida Statutes. Pursuant to the statute and the ordinance, two board members are police officers, two are municipal residents appointed by the city commission and the fifth member is chosen by a majority of the other four members. This fifth board member serves for a period of two years.
The current "fifth member" was appointed by the board for a two-year term ending January 27, 1999. Upon the expiration of this member's term, a majority of the other four members could not agree upon a successor; two members favored the current office holder succeeding in the office and two members favored seeking a replacement. The "fifth member" has remained in the office upon the advice of the board's counsel, but some question has arisen regarding whether this is permissible.
Article II, section 5(b), Florida Constitution, provides in part that "[e]ach state and county officer . . . shall . . . continue in office until a successor qualifies." This section was derived from a substantially similar provision found at Article XVI, section 14 of the 1885 Constitution:
"All state, county and municipal officers shall continue in office after the expiration of their official terms until their successors are duly qualified."
The pertinent requirements of the present Article II, section5(b), Florida Constitution, are essentially the same with respect to state and county officers. However, the reference to municipal officers does not appear in the 1968 Constitution.[2]
Florida Supreme Court decisions and Attorney General Opinions have held that offices not included in the constitutional provision are not within the scope of the constitutional requirement for holding over. This consideration has most frequently been directed to district offices.[3]
The Legislature has made statutory provision for holding over in offices not covered by the constitutional requirement. Section421.05(1), Florida Statutes, for example, requires a municipal housing authority commissioner to hold office until a successor has been appointed and has qualified.[4] The statutes relating to terms of office for police pension boards do not reflect any such legislative intent.
However, while the "fifth member" of the police pension board is not required to hold over until the selection and qualification of a successor, it would appear that he or she may continue to do so as a de facto officer until such time as this situation is resolved.[5] As this office has noted, until the selection and qualification of a successor, "a de facto officer and the title to his office or the authority to act as a de facto officer cannot be collaterally attacked or inquired into by third parties."[6]
Accordingly, it is my opinion that the "fifth member" of the City of Coral Springs Police Pension Board is not required by ArticleII, section 5(b), Florida Constitution, to hold over or continue in office after the expiration of his or her term until the qualification of a successor. However, the "fifth member" of such a board is authorized, though not required, to hold over as a defacto officer exercising the functions of the office until a successor has been selected and qualified.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Art. II, Ch. 13, ss. 13-5 — 13-7, Coral Springs City Code.
[2] I note that the Coral Springs Code appears to recognize the necessity for specific hold over legislation for municipal officers. Article IX, section 4, of the code, adopted in 1978, requires that "[t]he current city commissioners shall continue to hold their offices and discharge the duties thereof until their successors are duly elected in the manner prescribed by law."
[3] See, e.g., State v. Ocean Shore Improvement District,156 So. 433 (Fla. 1934); State v. Reardon, 154 So. 742 (Fla. 1936);Town of Palm Beach v. City of West Palm Beach, 55 So.2d 566
(Fla. 1951); Bair v. Central and Southern Florida Flood ControlDistrict, 144 So.2d 818 (Fla. 1962); and Ops. Att'y Gen. Fla. 78-107 (1978), 78-74 (1978), 74-169 (1974), and 74-7 (1974).
[4] And see, s. 190.006(4), Fla. Stat., providing that members of board of supervisors of a community development district "shall hold office for the terms for which they were elected or appointed and until their successors are chosen and qualified."
[5] See, Op. Att'y Gen. Fla. 78-107 (1978) and citations therein; 67 C.J.S. Officers s. 140, stating that an officer who holds over after the expiration of his term of office when there is no legal provision therefore may be regarded as a de facto
officer.
[6] Attorney General Opinions 78-107 (1978) and 73-193 (1973).And see, Treasure, Inc. v. State Beverage Department,238 So.2d 580, 585-586 (Fla. 1970); State v. Murphy, 13 So. 705, 716 (Fla. 1893).