Whitfield, J.
 

 This appeal is from a decree validating bonds to be issued by the “New Smyrna Inlet District”
 
 *1127
 
 under the following enactment, the validity of which is challenged: Chapter 14503, Acts of 1929, is
 

 “An act to abolish the Present Special Taxing District of the Daytona and New Smyrna Inlet District in Volusia County, State of Florida, and to Create, Establish and Incorporate a Special Taxing District in said Volusia County, State of Florida, to be known as New Smyrna Inlet District and to Define Its Territorial Boundaries and to provide for its Government, Jurisdiction, Powers, Franchises and Privileges.”
 

 Among other matters it provides:
 

 “That the present special taxing district in Volusia County, Florida, existing under the name of Daytona and New Smyrna Inlet District, embracing all the territory within the territory which is now embraced within County Commissioners’ District No. 4, and within County Commissioners’ District No. 5 of said County, is hereby abolished.
 

 “The title, rights and ownership of property, collected and uncollected taxes, dues, claims, judgments, moneys, decrees and choses in action held or owned by the Daytona and New Smyrna Inlet District and/ or the Board of Commissioners thereof, shall pass to and be vested in the special taxing district organized under this Act to succeed the special taxing district abolished. No debt, obligation or contract of the said special taxing district shall be impaired or voided by this Act, but such debts, obligations and contracts shall pass to and be binding upon the new special taxing district which is hereby organized and created. All existing resolutions or ordinances of said Daytona and New Smyrna Inlet District and/or the Board of
 
 *1128
 
 Commissioners thereof not in conflict with the provisions of this Act shall continue in effect and unimpaired until repealed, amended or modified by the Board of Commissioners of said District which is hereby organized and created.
 

 “That a special taxing district is hereby created to be known as New Smyrna Inlet District, to consist of and embrace all that territory in Volusia County, Florida, which is now embraced within the territorial boundaries of County Commissioners District No. 5 of said County as the same is now constituted.”
 

 See Chapter 11791, Acts 1925; Stewart v. Daytona and New Smyrna Inlet Dist., 94 Pla. 859, 114 So. R. 545.
 

 A reference to county commissioners districts for descriptions of territory included in statutory special taxing districts is not to be commended. See amended Section 5, Article VIII, Constitution; Sections 2147 et seq., Comp. Gen. Laws, 1927.
 

 The act is regarded as a local law, and as notice of its enactment was not published as required by Section 21, Article III of the Constitution as amended in 1928, the same section of the Constitution provides that where notice was not given, the act “shall not become operative or effective until the same has been ratified or approved by a majority of the qualified electors participating in an election called in the territory affected by said special or local law. ’ ’ The act provides for a referendum to the “duly qualified electors who are freeholders residing within County Commissioners’ District No. 5.” County Commissioners District Nos. 4 and 5 are both “affected by said special or local law,” but the referendum was confined to only one district.
 

 Taxes collected under the statute or creating the “Daytona and New Smyrna Inlet District” in both county com
 
 *1129
 
 missioners’ district are included in the funds that are by the new act given to the new district which covers only one county commissioners’ district. The contemplated improvement has not been completed and county commissioners’ district No. 4 has apparently received nothing for the taxes that may have been collected therein. The Inlet District is not a governmental body like a municipality which affords current protection and other facilities in return for taxes.
 

 The organic provision that the referendum shall be to “the qualified electors participating in an election called in the territory affected” is mandatory; and a referendum to the “duly qualified electors
 
 who are freeholders”
 
 is not in accord with the organic command that the act “shall not became operative or effective until * * * ratified or approved by a majority of the qualified electors participating in” the election. There is a statute making it “unlawful for any person to vote or participate in any county, district or other bond election who is not a freeholder therein,” Chapter 9294, Acts 1923, section 250 Comp. Gen. Laws, 1927, but this statutory provision, though most salutary, cannot modify the organic commands of the 'Constitution. The act in this case does not merely authorize a bond issue; it purports to abolish a special taxing district covering two county commissioners’ districts and to create a special taxing district in one county commissioners’ district, and to regulate its powers.
 

 The proposed amendment to Section 6, Article IX, of the Constitution has not yet been adopted. If it is adopted, it will require local bond issues to be “approved by a majority of the votes cast in an election in which a majority of the freeholders who are qualified electors * * * shall particpate. ’ ’ Its effect will be determined in due course if it is adopted and is questioned in judicial proceedings.
 

 V/hether the title to Chapter 14503 is legally sufficient to cover the bond issue (see Chapter 11791, Acts of 1925)
 
 *1130
 
 or whether the formation of the district is purely arbitrary with reference to the particular improvement that is designed, need not be determined. See Consolidated Land Co. v. Tyler, 88 Fla. 14, 101 So. R. 280.
 

 Reversed.
 

 Terrell, C. J., and Ellis, Strum, Brown and Buford, J. J., concur.