JOHN H. PITT, *Appellant*, v. WILLIAM P. BELOTE, as Chairman, et al., as members of the Board of County Commissioners of Duval County, Florida, and FRANK M. IRONMONGER, as Supervisor of Registration of said County, *Appellees*.

146 So. 380.

En Banc.

Opinion filed February 15, 1933.

*P. H. Odom,* for Appellant;

*Roswell King,* for Appellees.

Davis, C. J.—The bill of complaint in this case alleged that the County Commissioners of Duval County, acting in pursuance of Chapter 15186, Acts of 1931, Laws of Florida, had adopted a resolution for the issuance of county bonds, if and on condition, that said bonds be ratified at an election of free-holders as provided for in that Act. The bill prayed for an injunction against holding the election, or expending any public funds therefor. A motion to dismiss the bill was granted and complainant has appealed.

The argument here is that Chapter 15186, Acts of 1931, is unconstitutional, and that therefore the injunction prayed for should have been granted, and the motion to dismiss the bill of complaint denied. We deal with that proposition now, on the authority of State v. Southern Tel. & Const. C., 65 Fla. 67, 61 Sou. Rep. 119, though the election sought

to be enjoined has already been held, and the appeal might therefore be properly dismissed as moot, if it were not for the important legal questions involved, which are repre-'sented to us as being of general interest to the public, and which both parties to this appeal urge us to decide, without compelling them to resort to new litigation for the purpose.

The title to the legislative act under attack is as follows:

"An Act Relating to Duval County, and Transportation Across St. Johns River; Concerning Toll Bridges in Said County, and Authorizing the County of Duval, in the State of Florida, to Issue Bonds for the Construction of an Additional Toll Bridge Across the St. Johns River in said County, Approaches and a Connecting Road Leading Therefrom, Making Provisions in Reference to Tolls, Providing for the Investment of Sinking Funds Derived from Tolls and Charges, Providing for Powers of Eminent Domain in Said County in Connection Therewith, and for Elections, and Also Prescribing the Qualifications of Those Who Shall be Permitted to Vote in Said Elections, and Other Matters in Connection with All of the Above."

Section 21 of Article III of the Constitution, as it was amended in 1928, is as follows:

" 'Sec. 21. In all cases enumerated in the preceding Section all laws shall be general and of uniform operation throughout the State, but in all cases not enumerated or excepted in that section, the Legislature may pass special or local laws except as now or hereafter otherwise provided in the Constitution; Provided, That no local or special bill shall be passed, unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated, which notice shall state the substance of the contemplated law, and shall be published at least thirty days prior to the introduction into

the Legislature of such bill, and in the manner to be provided by law. The evidence that such notice has been published shall be established in the Legislature before such bill shall be passed by having affidavit of proof of publication attached to the proposed bill when the same is introduced in either branch of the Legislature, and which such affidavit constituting proof of publication shall be entered in full upon the Journals of the Senate and of the House of Representatives, which entries shall immediately follow the journal entry showing the introduction of the bill, provided, however, no publication of any local or special law is required hereunder when such local or special law contains a provision to the effect that the same shall not become operative or effective until the same has been ratified or approved by a majority of the qualified electors participating in an election called in the territory affected by said special or local law.' "

The bill of complaint alleged, and the motion to dismiss it admitted that no notice of intention to pass such a law was published as required by the above quoted section of the constitution. It is also alleged and admitted that said Act contains no provision that it should not become effective as a law, until the same should be ratified and approved by a majority of the qualified electors of the county, participating in an election called and held for the purpose.

So the Act is admittedly invalid as not having become a law in the manner provided by Amended Section 21 of Article III of the Constitution, unless the special terms of the Act, providing for a vote of free-holders on the issuance of the bonds authorized by it, saves the Act from constitutional objection, because of the referendum feature evidenced thereby.

But conceding *arguendo* the point that, under Section 6 of Article IX, as amended in 1930, a special or local Act of

the Legislature may be validly passed, without publication of notice concerning same as required by and under Section 21 of Article III as amended, when its purpose is simply to give necessary legislative authority to issue bonds if approved pursuant to a constitutional vote of free-holders as required by Section 6 of Article IX,* we find that Chapter 15186, *supra,* in its essential provisons, undertakes to do vastly more·than authorize a referendum election of the free-holders of Duval County to ratify a conditional legislative authority purported to be given for issuance of more bonds. A bare inspection of the title of the Act discloses that this is so.

The "subject" of Chapter 15186, *supra,* is to regulate transportation over toll bridges in Duval County. The issuance of more bonds as authorized by the Act is a mere incident to the subject of transportaton. And indeed the latter proposition is only germane to the main subject because it may be properly construed as a proposal to provide for better transportation facilities, through the issuance of more bonds to provide for additional facilities.

An Act relating to Duval County and transportation across St. Johns River in said County, and undertaking to specially deal with that subject, by prescribing special powers and duties of County Officers of Duval County in connection with the operation of county toll bridges in the county, is essentially a special or local law within the purview of Section 21 of Article III of the Constitution of Florida, as amended.

---

*This is on the theory that Section 6, Article IX as amended, is so complete in itself that Section 21 of Article III, as amended, has no application to a simple legislative Act, which, though local, merely gives authority to issue bonds, on condition that they be approved by vote of a majority of free-holders as required by Section 6 of Article IX, *supra.*

And being a special or local law pertaining to Duval County, Florida, such an Act as Chapter 15186, Acts of 1931, could only become effective *as an Act of the Legislature* in the manner provided by Section 21 of Article III of the Constitution. That manner is to either (1) publish notice of intention to apply therefor in the locality to be affected, or (2) incorporate in the Act itself "a provision to the effect" that the Act shall not become operative or effective until the same (that is the Act itself) has been ratified or approved by a majority of the "qualified electors" participating in an election called in the territory affected by such special or local law.

When a special or local Act within the purview of Section 21 of Article III of the Constitution has been proposed for passage by the Legislature and has been passed in the absence of any previous publication of notice of intention to apply for the passage of same, as required by that section of the Constitution, such special or local Act is unconstitutional and void, unless there is incorporated in such Act, a provision to the effect that the Act itself shall not become operative or effective until the same has been ratified or approved by a majority of the qualified electors participating in an election called in the territory affected by such special or local law.

The referendum provision that is required by Section 21 of Article III of the Constitution, as a substitute for the publication of notice of intention to apply for the passage of special or local laws is a referendum to all the "qualified electors" of the territory affected by such special or local law, and not to a special class of such "qualified electors" such as all the qualified electors who are freeholders.

In this case it appears beyond a reasonable doubt that Chapter 15186, Acts of 1931, is a special or local law; that no notice of intention to apply for same was given, or pub-

lished, prior to its introduction into, and passage by, the Legislature; that such Act contains no provisions that as an Act it shall not become effective or operative until ratified or approved by a majority of the "qualified electors" participating in an election to be held in Duval County, and that therefore it is unconstitutional and void as having been passed in a manner not authorized by Section 21 of Article III of the Constitution as amended.

Whether it would have been valid as a simple Act relating only to a bond issue to be authorized by the freeholders under Section 6 of Article IX of the Constitution, as amended, though neither advertised, nor submitted to a referendum of the "qualified electors" of the county, is not necessary to be decided, since other provisions of the Act evidence the fact that the Act was not one that was to be referable only to Section 6 of Article IX, *supra*. The question just referred to was left open by us in Stewart v. New Smyrna Inlet Dist., 100 Fla. 1126, 130 So. Rep. 575. We again reserve it for future consideration when occasion makes it necessary to decide it.

The decreee appealed from dismissed the bill. At the time that decree was entered it was erroneous, and we so decide. However, subsequent events occurring since the appeal, have made the relief prayed for futile, insofar as any presently threatened injury requiring injunction is concerned. We therefore reverse the order of the Circuit Court, but enter an order here dismissing the bill without prejudice, at the costs of the appellees. See Section 4637, C. G. L., 3918 R. G. S.

Decree of Circuit Court reversed. Bill dismissed by appellate court, without prejudice, at costs of appellees.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.