Thomas E. Swanson, *et al.*, Members Broward County Port Authority, v. J. H. Therrell, Liquidator, Biscayne Trust Co.

(No. 1)

150 So. 634.

Division A.

Opinion Filed October 27, 1933.

*McCune, Hiaasen & Fleming,* for Appellants;

*Stapp, Gourley, Vining & Ward,* for Appellee.

DAVIS, C. J.—Chapter 15669, Acts of 1931, as amended by Chapter 15804, Acts of 1931, Laws of Florida, is an Act authorizing the Broward County Port Authority to levy and impose special assessments on lands situated within Broward County Port District* and to provide a method of levying and collecting such assessments. The Legislative Act was approved by the Governor June 25, 1931.

Section 13 of the Act is as follows:

"This Act shall become a law immediately upon its passage by the Legislature of the State of Florida and approval by the Governor, or upon its becoming a law without such approval, provided, however, this Act shall not become effective or operative until the same shall have been approved or ratified by a majority of the qualified electors residing within the limits of the Broward County Port District in a special election to be called by the Broward County Port Authority, which shall have authority and power to fix all rules and regulations therefor, if twenty-five per cent (25%) of the qualified voters residing in said territory shall petition the Broward County Port Authority for such an election within fifteen (15) days after the passage of this Act. If twenty-five per cent (25%) of said qualified voters do not so petition the Broward County Port Authority as aforesaid within fifteen (15) days, then in that event this Act shall become a law and be operative at the expiration of said fifteen (15) days."

---

*Broward County Port District was created by Chapter 12562, Acts of 1927, as amended by Chapter 13940, Acts of 1929. Abolished and recreated by Chapter 15107, Acts of 1931.

No petition for an election under the Act was filed within fifteen days as authorized by said Section 13, so no referendum election was called or held to determine whether the Act should become effective and operative as therein provided. Because of this state of facts, the Broward County Port District Commissioners, acting under Section 13, proceeded to declare that the statute had become in full force and had become effective according to its own terms, without a referendum election. Acting upon such determination the Broward County Port Authority, the governing board of Broward County Port District, proceeded to publish the notices and to attempt to make the special assessments for benefits, authorized by the Act. Hence this injunction suit in the Court below brought by an affected party to restrain the execution of any of the powers and duties provided for by said Chapter 15669, Acts of 1931, *supra*. This case is here on appeal from an interlocutory order upholding the equity of complainant's bill.

That the resident Circuit Judge who owned certain taxable real property within the Broward County Port District, properly held himself disqualified to pass upon the constitutionality of a statute, the execution of which by the Broward County Port Authority, would indirectly affect the amount of taxation imposed on such Judge's property in the district for district purposes, though not involving any contemplated special assessment on it, we must affirm. See State, *ex rel.* Ake v. Tedder, Circuit Judge, 110 Fla. 361, 149 Sou. Rep. 329 Broward County Port Authority v. Ake, 111 Fla. 132, 150 Sou. Rep. 273. So the assignment of error relating to the order of disqualification entered by the resident Circuit Judge, cannot be sustained.

The equity of complainant's bill must be found, if at all, in the allegations that the threatened special assessments

complained of are unauthorized by any valid statute of this state. To support the contrary of complainant's contentions in this regard, defendants below, who constitute the Broward County Port Authority, rely upon two statutes— Chapter 15669, Acts of 1931, as amended by Chapter 15804 of the same legislative session, and Chapter 13941, Acts of 1929.

Whether or not Chapter 13941, Acts of 1929, would be sufficient to support the right to make the assessments attempted to be made, it is not necessary to decide. The resolution adopted by the Broward County Port Authority, as well as the notice published by it of its intention to make assessments, specifically refers to Chapter 15669 (Senate Bill 178-X) Acts of 1931, as authority, and no mention is made of Chapter 13941, Acts of 1929, at all. Therefore any consideration of the 1929 Act as authority for the assessments must be eliminated from consideration in this case.

Special or local assessments, whether in the form of *ad valorem* levies on property in a special taxing district, or otherwise, are not ordinary taxes levied for the purpose of sustaining the government, but are burdens in the form of taxation imposed by law upon real property for a public improvement, the extent of the burden being determined by the Legislature, or its duly authorized agency, with direct reference to such benefit as the property may receive therefrom, and in the ratio of the advantage accruing. Taylor v. Palmer, 31 Cal. 240; Munson v. Board of Comm'rs. 43 La. Ann. 15, 8 Sou. Rep. 906; Rosewater, Special Assessments, 85; 25 Am. & Eng. Encyc. Law (2nd. Ed.) 1168.

The purpose sought to be accomplished by Chapter 15669, *supra,* was to readjust the special assessments provided to be levied in Broward County Port District, by changing

the same in part from a basis of general benefit to the entire district as a whole, to an apportionable special benefit assessment against the properties in the district severally. Section 1 of the Act expressly determined in terms that certain lands therein described were benefited specially in addition to the general benefits received by all lands within the district, and on the basis of that determination, provided for individual assessments against the benefited lands, not to exceed in the aggregate fifteen per cent. of the cost of construction of the works of the district.

An Act of the Legislature undertaking to make a legislative determination of benefits to properties situated within a special taxing district, whether in the aggregate, or severally, as to affected properties, is in its essence such a statute as cannot be constitutionally made contingent on the result of a referendum election for its ratification as an ordinary legislative Act can be on matters of general legislative concern, as has been upheld in State *ex rel.* Cheyney v. Sammons, 62 Fla. 303, 57 Sou. Rep. 196.

The reason for this is obvious. Affected property owners of a special taxing district possess the constitutional right to have the amount of special benefits, and the individual apportionment thereof, determined by the judgment of the Legislature itself on this question, which is a determinable question of fact. In lieu of such direct determination by the Legislature itself, a tribunal of some sort must be provided for or set up by the Legislature, and vested with power to accord a full hearing to property owners on all the elements of benefit required to be considered by the lawmaking power, before a valid and binding apportionment and assessment of special benefits can be constitutionally accomplished and made conclusive on the property owner.

Fallbrook Irrigation Dist. v. Bradley, 164 U. S. 112, 17 Sup. Ct. Rep. 56, 41 L. Ed. 369.

Chapter 15669, Acts of 1931, purports to set forth a *legislative* determination that certain described lands designated in that Act have been benefited especially in addition to the general benefits received by all lands within the Broward County Port District. The benefit in the aggregate was therein stated to be 15 per cent of the cost of public works described in the statute. A similar legislative determination was also made by Section 1 of Chapter 15804, an Act of the same session of the Legislature that had been enacted for the purpose of amending Section 1 of Chapter 15669.

Only after having made the determination of the aggregate benefit of 15 per cent of the cost of construction of the public works involved, were the *pro rata* proportions thereof authorized to be levied and imposed upon each individual property in the district, which individual shares only were committed to the determination of a tribunal required to make such proportionate assessments after proper notice and hearings. Therefore the validity of the determination of the *aggregate* benefit of 15 per cent of the cost of the stated public works, to the lands described as specially benefited, must rest alone upon the statutory enactment by which the Legislature itself undertook to decide that question as a matter of legislative prerogative, since no notice and opportunity to be heard on such question of aggregate benefit is provided for in the Act.

A legislative determination of special benefits to specially assessed properties situate in a special taxing district, is essentially, from the very nature of the legislative function involved in a matter of that kind, a proposition which the Legislature alone is empowered to act upon. Being an

ascertainment of a fact, the ascertainment of which is required to be made by law in order to constitute due process (where notice and opportunity to be heard on the question is not otherwise provided for), the effectiveness of such ascertainment when legislatively made, cannot be made to depend upon the happening of a contingency, such as the 'favorable vote of a referendum election on the question of whether or not the Act including the legislative ascertainment, shall become effective at all.

To say that an Act of the Legislature relating to a duty required to be performed, or a power required to be exercised, according to the judgment of the Legislature alone as a matter exclusively within the Legislature's sovereign power, is capable of being made to become effective only upon its subsequent approval by the ratifying vote of the electors of a particular district with relation to which the legislative determination is required to be made, is to completely ignore the constitutional nature and character of the legislative function which is being exercised when a legislative Act of this character is passed.

Chapter 15669, Acts of 1931, as amended by Chapter 15804, Acts of the same session, is in contemplation of Section 21 of Article III of the Constitution of Florida, a special or local law, that undertakes to make for the Broward County Port District a special legislative determination of benefits to properties located within the district, for purposes of imposing and levying special assessments thereon, according to the plan therein prescribed for ascertaining the individual proportion thereof. See Stewart v. New Smyrna Inlet Dist., 100 Fla. 1126, 130 Sou. Rep. 575.

The bill of complaint alleges that no notice of intention to pass such special or local law was published as required by Section 21 of Article III of the Constitution, as amended,

nor proof thereof established in the Legislature before said special or local law was passed. So constitutional notice is shown to be absent.

Assuming that the referendum provision set forth in Section 13 of the Act otherwise meets the test of constitutionality discussed and decided in Pitt v. Belote, 108 Fla. 292, 146 Sou. Rep. 380, it plainly appears that the submission of such an Act to a referendum of the character required by amended Section 21 of Article III for a local law would be ineffective as to those provisions of the Act which undertake to make a direct legislative determination of benefits to the assessed properties. Therefore the force and effect of the statute, whether a general or a special law, is destroyed, insofar as the validity of the proposed assessments must rest upon the legislative finding of special benefits to an aggregate of 15 per cent of the cost of the improvements made in the described district.*

We hold therefore that the provisions of Chapter 15669 as amended by Chapter 15803, Special Acts of 1931, are insufficient in law to warrant the assessment proceedings sought to be enjoined; therefore, the Chancellor properly refused the defendant's motion to dismiss the bill of complaint for want of equity.

Affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

*This is not a case where the Legislature has by a complete statute duly enacted into law, defined and set up a special taxing district, and as an incident to the creation thereof, made a special determination of the benefits in the Act, but submitted the question of policy in creating the district or not creating it, to a referendum vote of the electors of the district, leaving the legislative determination of benefits to stand in the Act, whether it is put into effect as a matter of policy or not. On the contrary, the present Act deals entirely with the question of imposing special benefit assessments to take the place of general *ad*

BROWN, J. (concurring).—When the Constitution expressly provides a method of doing a thing, it impliedly prohibits doing it by any other method. The referendum provision of this local law is not the sort of referendum provision which is clearly prescribed by the proviso to Section 21 of Article III of the Constitution, and is therefore void.

*valorem* assessments made on the district as a whole, no question of policy being involved other than whether or not the method of assessment shall be changed as contemplated by the Act. But the Act itself makes its taking effect in all its parts subject to the outcome of a referendum vote which if invoked, is a condition precedent to the taking effect of the entire Act. Therefore the legislative determination of benefits recited in the Act, as well as the question of policy, is made dependent upon a referendum, thereby rendering it ineffective as a legislative finding on that subject amounting to due process of law.