PER CURIAM.
In a declaratory decree proceeding' the Chancellor held that Honorable John E. Mathews, Jr., a member of the 1963 Senate is not disqualified to seek the office of Governor in the 1964 elections. The Chancellor relied upon the judgment of this Court in State ex rel. West v. Gray, (Fla.1954), 74 So.2d 114. Justices THORNAL, O’CONNELL and CALDWELL state that had they been members of the Court at the time of the West judgment they would not have agreed thereto in view of the prior decision of this Court in State ex rel. Fraser v. Gay, 158 Fla. 465, 28 So.2d 901. However, five sessions of the Legislature have intervened since the West judgment was announced in 1954. No effort has been made, either by legislation or constitutional amendment, to change the conclusion reached by the Court in that decision. Every member of the Legislature, including Senator Mathews, was entitled to rely upon the ultimate effect of the West judgment. The instant record reveals that Senator Mathews occupies the identical legal status as that occupied by Senator Johns in the West decision. We can find no justification for applying a different rule. On the contrary our judicial responsibility to maintain consistency and stability in the law leads to the conclusion that the rule for the two cases should be the same. On the authority of the judgment in State ex rel. West v. Gray, supra, therefore, the decree under review is affirmed.
It is so ordered.
DREW, C. J., and ROBERTS, THOR-NAL, O’CONNELL and CALDWELL, JJ., concur.
TERRELL and THOMAS, JJ., dissent with opinion.