223 So.2d 734 (1969)
Luther E. (Cooter) WILSON, Appellant,
v.
Homer L. NEWELL, Appellee.
No. 37946.
Supreme Court of Florida.
June 11, 1969.
William H. Maness, Jacksonville, for appellant.
Berwick Anderson, Arnold & Stratford and Edward M. Booth, Jacksonville, for appellee.
*735 DREW, Justice.
The trial court dismissed with prejudice a complaint seeking, inter alia, to enforce Section 99.032, Florida Statutes 1967, F.S.A.,[1] pertaining to the election laws. The basis for his holding was that the above statute was unconstitutional and invalid because it prescribes qualifications for the office of County Commissioner in addition to those prescribed by the Constitution.[2]
While the question has become moot by virtue of the fact the election has been held, the Appellee Newell has been elected to the questioned office in the General Election of 1968, and the constitutional provision involved is no longer a part of the fundamental law of this state,[3] we, nevertheless, have determined that the public nature of the question warrants a retention of jurisdiction and a decision in the case.[4]
The final judgment of the able trial judge clearly and succinctly decides this question in the following pertinent language:
"One of the grounds urged by the Defendant, NEWELL, in his Motion to Dismiss is that Section 99.032, Florida Statutes, the statute upon which Plaintiff's cause of action is predicated, attempts to add to the constitutional qualifications of candidates for County Commissioner and is in violation of the Constitution of the State of Florida, particularly Article VIII, Section 5, of the Constitution. The Court * * * having carefully considered this cause and the provisions of the Constitution and Florida Statutes relating to it, finds that Section 99.032, Florida Statutes, is unconstitutional and invalid because it prescribes qualifications for the office of County Commissioner in addition to those prescribed by the Constitution. State ex rel. Attorney General et al v. George, 23 Fla. 585, 3 So. 81; Thomas v. State ex rel. Cobb, et al, Fla., 58 So.2d 173, 34 A.L.R.2d 140; Ervin v. Richardson, Fla., 70 So.2d 585; Nichols v. State ex rel. Bulon, Fla., 177 So.2d 467; Maloney v. Kirk, Fla., 212 So.2d 609, and cases cited therein. Therefore it is, ADJUDGED: (1) Section 99.032, Florida Statutes, is unconstitutional, invalid and ineffective *736 because it prescribes qualifications for the office of County Commissioner in addition to those prescribed by the Constitution. * * *"
We approve such judgment.
Affirmed.
ERVIN, C.J., and CARLTON and CALDWELL (Retired), JJ., concur.
BOYD, J., dissents with opinion.
BOYD, Justice (dissenting):
I respectfully dissent from the majority opinion.
Article VIII, Section 5, of the Constitution of Florida of 1885 provides:
There shall be one County Commissioner in each of the five County Commissioner's districts in each county, which districts shall be numbered one to five inclusive, and shall be as nearly as possible equal in proportion to population. * * *"
Historically the quoted provision has been construed to mean that each of the five county commissioners would reside in the district from which he sought election. The constitutional provision is susceptible of this interpretation.[1]
The holding of the trial court, approved by the majority of this court, is not required by the language construed. The result is to hold Florida Statute § 99.032, F.S.A., enacted in 1959 and requiring six months' residency, unconstitutional. Without the implementing statute the provision of the Constitution of 1968 that "One commissioner residing in each district shall be elected * * *" may well be meaningless.
In view of the foregoing it is highly inappropriate at this time to declare Florida Statute § 99.032, F.S.A. unconstitutional and I must dissent.
NOTES
[1] § 99.032, Florida Statutes 1967, F.S.A., states: "A candidate for the office of county commission or county school board shall have been a bona fide resident of the district from which he qualifies for a period of at least six months prior to the qualifying date."
[2] Article VIII, Section 5, Florida Constitution of 1885, F.S.A., states: "There shall be one County Commissioner in each of the five County Commissioner's districts in each county, which districts shall be numbered one to five inclusive, and shall be as nearly as possible equal in proportion to population. The Board of County Commissioners in the respective counties shall from time to time fix the boundaries of such districts. Said County Commissioners shall be elected by the qualified electors of said county at the time and place of voting for other county officers, and shall hold office for four years, provided, that the County Commissioners elected from the even numbered districts in 1944 shall serve for two years, those elected in 1944 from the odd numbered districts shall serve for four years, and thereafter the terms shall be for four years; Provided, that Section 11 of Article VIII of this Constitution shall not be affected hereby."
[3] The Constitution now in effect, adopted at the general election of 1968, with reference to qualification of County Commissioners now reads: "Except when otherwise provided by county charter, the governing body of each county shall be a board of county commissioners composed of five members serving staggered terms of four years. After each decennial census the board of county commissioners shall divide the county into districts of contiguous territory as nearly equal in population as practicable. One commissioner residing in each district shall be elected by the electors of the county." (Art. VIII, § 1(e)).
[4] Joughin v. Parks, 107 Fla. 833, 143 So. 145, 306, 147 So. 273 (1932); Pitt v. Belote, 108 Fla. 292, 146 So. 380 (1933); Tau Alpha Holding Corp. v. Board of Adjustments, 126 Fla. 858, 171 So. 819 (1937); Walker v. Pendarvis, 132 So.2d 186 (Fla. 1961).
[1] Op.Atty.Gen. 055-182 (August 3, 1955).