134

**OROSZ v. STONE, Secretary of State.**
No. 72-780.
Circuit Court, Leon County.
June 8, 1972.

Mathews, Osborne & Ehrlich, and John E. Mathews, Jr., Jacksonville, for plaintiff.

Robert L. Shevin, Attorney General, and Jerry E. Oxner, Assistant Attorney General, Tallahassee, for defendant.

W. MAY WALKER, Circuit Judge.

*Declaratory judgment:* This matter coming on to be heard by agreement between the parties and the court having heard oral argument and also having the benefit of briefs and memoranda of law submitted by the parties, advises as follows —

The plaintiff, David L. Orosz, is an elector of the state of Florida and a resident of Lee County, who wishes to qualify at the time prescribed by law as a candidate for the office of county judge of Lee County. He was not a registered voter at the time of the general election held in Florida in November 1970.

Plaintiff has already unofficially announced his candidacy but would be prevented from certification by the secretary of state as a qualified candidate by his inability to swear pursuant to §105.031, sub-section 4(a), Florida Statutes, that he was registered to vote in the last preceding general election which was the general election of 1970.

Plaintiff has filed his complaint for a declaratory decree seeking a declaration of his rights and an injunction against the secretary of state requiring him to swear that he was a registered voter at the last preceding general election. The defendant, secretary of state, as chief elections officer of the state of Florida, has replied to the complaint questioning whether there is a justiciable issue and asserting that the aforementioned statute is not an attempt by the legislature to prescribe an additional qualification for a constitutional officer.

The court declares and the parties indeed have indicated assent to certain findings after further clarification of the status of the plaintiff as an announced candidate. This is a proper situation for declaration of the court as to plaintiff's rights.

The court further finds that §105.031, sub-section 4(a) is unconstitutional and invalid because it attempts to prescribe qualifications for the office of county judge in addition to those prescribed by the constitution.

See Adams v. Mathews, 156 So.2d 515, Fla. 1963; State v. George, 25 Fla. 585, 3 So. 81; Thomas v. State, ex rel. Cobb, Fla. 58 So.2d 173; Wilson v. Newell, Fla. 223 So.2d 734; and other like authorities. See also §105.031 4(a), Florida Statutes; House Bill 1F, §2; Article V, §8 (new Article V); Article V, §13A(1); and Article V, §20(d)(6) (new Article V).

Whereupon, it is ordered, adjudged and decreed—(1) §105.031, sub-section 4(a), Florida Statutes, be and the same is hereby declared unconstitutional and of no force and effect. (2) Richard Stone, as secretary of state, is enjoined from requiring the plaintiff to subscribe to that part of the oath of candidates set forth in §105.031, sub-section 4(a), Florida Statutes, and he is ordered to accept the qualification papers of plaintiff if he is otherwise found to be qualified under the constitution and laws of the state of Florida.