ENGLAND, Justice,
concurring specially.
Respondents have filed a motion to strike the petition for a writ of certiorari which was filed in this case by Sarasota County. I would grant that motion.
The petition, filed here on November 3, 1976, sought review of an order entered by the circuit court for the 12th Judicial Circuit on October 12, 1976 which had temporarily enjoined a referendum election scheduled to be held on November 2, 1976. Respondents suggest that the issues presented by the petition are moot inasmuch as the election date has passed and the referendum issues did not appear on the ballot. I agree.
Sarasota County Emergency Ordinance No. 76-76 expressly declared an emergency to exist which required “the enactment of this Emergency Ordinance [to] enable the Charter amendments proposed herein to be voted upon at the same time as the 1976 general election. . . . ” The ordinance then specified the places, times and manner of conducting a referendum to be held throughout the county on November 2,1976 on five specific propositions.
On October 12 the circuit court acted at respondent’s request to enjoin the proposed referendum, stating that the county and its election supervisor were restrained
“from the holding, conducting or proceeding further with the preparation of the special referendum election on November 2, 1976. ...”
It is apparent that this order was exclusively directed to an election which did not take place. County officials, for whatever reasons, chose to obey the circuit court’s order rather than to have it immediately reviewed by an appellate tribunal. They now suggest that the election of November 2 may have passed, but the constitutional issues on which the circuit court ruled involve matters of continuing importance to the public. For this reason, they urge us to resolve the issues rather than declare them moot.
I agree with petitioner that the legal issues underlying the emergency ordinance (none of which require discussion here) are important, but I disagree with the suggestion that they are not now moot. There is no possibility that the propositions framed in the emergency ordinance will be submitted to popular vote on the date prescribed, and since the ordinance was directed at an election date now passed there is no basis for us to assume that the same propositions will ever be submitted to the *40 county’s voters at any future date.[1] Additionally, the order brought to us for review was narrowly drawn to restrain action preceding the election date which has now passed. For these reasons the cases relied upon by petitioner are distinguishable.[2]
The issues presented by respondents to the trial court as a result of petitioner’s ordinance are plainly moot, and I would grant respondents’ motion to strike the petition for a writ of certiorari.'

. Petitioner’s brief states that an election will be held in Sarasota County on April 5, 1977. There is nothing in the record of this proceeding, however, to indicate that fact or to show what matters will be subject to vote at that time. Nothing in Emergency Ordinance 76-76 indicates a deferred voting date in the event the five propositions did not appear on the November 2 ballot, as eventually occurred. No other ordinance has been brought to our attention rescheduling the identical propositions.

. In each of the cited cases there was an immediate public need for a final judicial decision. Pitt v. Belote, 108 Fla. 292, 146 So. 380 (1933), involved a similar situation except that no injunction issued and an election was held. This Court proceeded to determine the constitutional issues then before it rather than require the parties to file a second suit arguing the same points. In Walker v. Pendarvis, 132 So.2d 186 (Fla.1961), decision of issues possibly moot was found necessary because public officials otherwise could have become liable for receiving unauthorized compensation. Similarly, in Ervin v. Capital Weekly Post, Inc., 97 So.2d 464 (Fla. 1957), the validity of future elections was at stake. This case is governed by DeHoff v. Imeson, 153 Fla. 553, 15 So.2d 258 (1943), where there were no practical benefits to be obtained by review in this Court.