379 So.2d 1278 (1979)
John BARNDOLLAR et al., Appellants,
v.
SUNSET REALTY CORP., Appellee.
No. 57932.
Supreme Court of Florida.
December 6, 1979.
Rehearing Denied February 19, 1980.
William H. Grace and Arthur K. Knudsen, Jr., of Allen, Knudsen, Swartz, Deboest, Rhoads & Edwards, Fort Myers; C. Guy Batsel and Leo Wotitzky, of Wotitzky, Wotitzky, Johnson, Mandell & Batsel, Punta Gorda; and Jim Smith, Atty. Gen., and Shirley A. Walker, Asst. Atty. Gen., Tallahassee, for appellants.
Archie M. Odom and Lester E. Durst, of Farr, Farr, Haymans, Moseley, Odom & Emerich, Punta Gorda; and H. William *1279 Thompson, County Attorney, Charlotte County, Punta Gorda, for appellees.
BOYD, Justice.
This cause is before the Court on appeal from a final summary judgment of the Circuit Court of the Twentieth Judicial Circuit, in and for Charlotte County. The circuit court construed the Florida Constitution and passed upon the constitutionality of chapter 79-490, Laws of Florida. We have jurisdiction.
On May 9, 1979 the Legislature enacted chapter 79-490, pertaining to the creation of the Gasparilla Island Historic and Conservation District. The act provides that this special government entity be established upon approval by a majority vote of "qualified persons" in a referendum to be held Tuesday, November 6, 1979. The act provides further:
Any person who is an elector of Lee County or Charlotte County and is a resident of the proposed district, or who is a natural person and owns property situated in the district, is eligible to vote in such referendum election; however, no person shall be eligible to vote more than one ballot.
Ch. 79-490, § 10, Laws of Fla.
Appellee Sunset Realty Corporation, which owns real property within the proposed district, the use of which would be subject to regulation under the proposed law, brought an action to enjoin the referendum. The action was grounded upon the asserted unconstitutionality both of the regulatory scheme and of the procedure for its adoption by the voters.
It is undisputed that chapter 79-490 is a special law. Article III, section 10, Florida Constitution, provides:
No special law shall be passed unless notice of intention to seek enactment thereof has been published in the manner provided by general law. Such notice shall not be necessary when the law, except the provision for referendum, is conditioned to become effective only upon approval by vote of the electors of the area affected.
Prior to the enactment of chapter 79-490, a notice of intention to seek same was published, in the manner provided by law, in Charlotte and Lee County newspapers. The notice read as follows:
TO WHOM IT MAY CONCERN:
You are hereby notified that the Gasparilla Island Conservation and Improvement Association, Inc., intends to apply to the Legislature of the State of Florida during the 1979 Session for the passage of a special act to be known as the "Gasparilla Island Historic and Conservation District Act" providing for the creation of the Gasparilla Island Historic and Conservation District within Lee and Charlotte Counties, and providing for a referendum.
The trial court enjoined the election, holding that the method by which the act is to be submitted for voter approval violates the Florida Constitution. The court concluded that the pre-enactment notice was legally inadequate, so that the referendum procedure was crucial to the act's validity under article III, section 10. The court then held that the provision in the act allowing nonresident property owners to vote violates article III, section 10, which provides for special law approval "by vote of the electors of the area affected." Finally, the court found that the provision for nonresident participation is not severable, so that chapter 79-490 is void.
The appellants contend that the court below erred in each of its holdings leading to the conclusion that chapter 79-490 is unconstitutional.
The first issue is whether the notice of intention to seek enactment of chapter 79-490 was adequate. The notice must be sufficient to apprise the inhabitants of the affected area and directly interested persons of the general nature and purpose of the act. State ex rel. Watson v. City of Miami, 153 Fla. 653, 15 So.2d 481 (1943); State ex rel. Landis v. Reardon, 114 Fla. 755, 154 So. 868 (1934).
The appellants cite cases in which very general language was held to constitute *1280 sufficient notice. City of Hialeah v. Pfaffendorf, 90 So.2d 596 (Fla. 1956); Chavous v. Goodbred, 158 Fla. 826, 30 So.2d 370 (1947) (notice set out in dissenting opinion). These cases are inapposite. Both related to referenda on municipal charters. The essential powers of a municipal government are matters of general public knowledge. This is not so in the case of a special district created for purposes of historic preservation and conservation. The notice here made no mention of the powers and duties of the proposed special district. It was clearly inadequate to apprise interested persons of the scope and purpose of the proposed regulatory scheme. Therefore the trial court was correct in holding that the referendum process had to be valid in order for the act to be valid.
The second issue is whether it is within the power of the legislature, in providing for submission of a special act to the voters of the affected area, to confer upon nonresident property owners the status of qualified electors. The trial court noted that article III, section 10 requires "approval by vote of the electors of the area affected," and turned to article VI, section 2, Florida Constitution, for the definition of an elector. That section provides in part:
Every citizen of the United States who is at least twenty-one years of age and who has been a permanent resident for one year in the state and six months in a county, if registered as provided by law, shall be an elector of that county.
The appellants contend that article VI, section 6, Florida Constitution, confers upon the legislature the power to establish the qualifications for voters in municipal elections and elections such as the one at issue here. That section provides: "Registration and elections in municipalities shall, and in other governmental entities created by statute may, be provided by law." This provision does not pertain to the qualifications of voters. There is a general policy in this state against nonresident participation in municipal elections. Town of Indian River Shores v. Richey, 348 So.2d 1 (Fla. 1977). Regardless of the power of the legislature with regard to local government elections, however, the trial court was correct in holding that only electors as defined in the constitution may vote in special law referenda under article III, section 10. See State v. City of Port St. Joe, 47 So.2d 584 (Fla. 1950); Clements v. Starbird, 152 Fla. 555, 12 So.2d 578 (Fla. 1943); Pitt v. Belote, 108 Fla. 292, 146 So. 380 (1933); Stewart v. New Smyrna Inlet District, 100 Fla. 1126, 130 So. 575 (1930).[1] A decision cited by the appellants, upholding the restriction of participation in a bond issue referendum to freeholders, is inapplicable. Masters v. Duval County, 114 Fla. 205, 154 So. 172 (1934). Therefore, the provision for voting by nonresident freeholders is invalid.
The third and final issue is whether the unconstitutional provision qualifying non-residents who own property in the proposed district as voters in the referendum is sevcrable so that the act may stand with the invalid portion excised. Section 7(2) of the act is a severability clause:
If any provision of this act or the application thereof to any person or circumstance is held invalid, the invalidity shall not affect other provisions or applications of the act which can be given effect without the invalid provision or application, and to this end the provisions of this act are declared severable.
A severability clause is not, of course, determinative of severability. State ex rel. Boyd v. Green, 355 So.2d 789 (Fla. 1978). In order for an invalid provision of an act to be severable, we must be able to conclude that the legislature would have been content to enact the law without the invalid provision. State ex. rel. Limpus v. Newell, 85 So.2d 124 (Fla. 1956).
In the instant case, it is reasonable to conclude that the legislature sought to include nonresident landowners in the referendum (and in elections of officers of the district, see section 5(2)) out of considerations *1281 of fairness in view of the regulations and restrictions on land use that would result upon establishment of the district.
When ... the valid and void parts of a statute are mutually connected with and dependent upon each other as conditions, considerations, or compensations for each other, then a severance of the good from the bad would effect a result not contemplated by the legislature; and in this situation a severability clause is not compatible with the legislative intent and cannot be applied to save the valid parts of the statute.
Small v. Sun Oil Company, 222 So.2d 196, 199-200 (Fla. 1969). See also Musleh v. Marion County, 200 So.2d 168 (Fla. 1967); Cramp v. Board of Public Instruction, 137 So.2d 828 (Fla. 1962). We hold that the invalid provision of the statute is not severable, so that chapter 79-490 is void in its entirety.
For the foregoing reasons, the Gasparilla Island Historic and Conservation District Act is unconstitutional. The circuit court was correct in enjoining the referendum. The judgment of the circuit court is affirmed.
It is so ordered.
ENGLAND, C.J., and SUNDBERG and ALDERMAN, JJ., concur.
ADKINS, OVERTON and McDONALD, JJ., dissent.
NOTES
[1] These decisions interpreted the Constitution of 1885, but are proper authorities for interpretation of the present constitution. In re Advisory Opinion to the Governor, 112 So.2d 843 (Fla. 1959).