Mr. Richard C. Fellows City Administrator City of Okeechobee City Hall 55 Southeast Third Avenue Okeechobee, Florida 33472-2932
Dear Mr. Fellows:
This is in response to your request on behalf of the Mayor and City Council of the City of Okeechobee for an opinion on the following question:
 MAY THE CITY OF OKEECHOBEE UNDER ITS HOME RULE POWERS CONFERRED BY CHAPTER 166, F.S., SUBMIT TO A REFERENDUM OF CITY ELECTORS AN ORDINANCE WHICH WOULD AUTHORIZE RESIDENT ELECTORS OF OKEECHOBEE COUNTY WHO OWN REAL PROPERTY IN THE CITY OF OKEECHOBEE TO VOTE IN CITY ELECTIONS?
For the following reasons, your question is answered in the negative.
Section 166.032, F.S., provides:
 Any person who is a resident of a municipality, who has qualified as an elector of this state, and who registers in the manner prescribed by general law and ordinance of the municipality shall be a qualified elector of the municipality. (e.s.)
Moreover, ss 98.041 and 98.091, F.S., also indicate that general law and not a home rule charter or ordinance provision controls the question posed by your inquiry. Section 98.041 provides that a permanent single registration system "shall be put into use by all municipalities and shall be in lieu of any other system of municipal registration." Section 98.091, "Use of system by municipalities" provides in subsection (3) thereof:
 Any person who is a duly registered elector pursuant to this code and who resides within the boundaries of a municipality is qualified to participate in all municipal elections, the provisions of special acts or local charters notwithstanding. Electors who are not registered under the permanent registration system shall not be permitted to vote. (e.s.)
See also, Town of Indian River Shores v. Richey, 348 So.2d 1, (Fla. 1977), answering the certified question from Richey v. Town of Indian River Shores, 337 So.2d 410 (4 D.C.A.Fla., 1976), and holding that s 98.041 (s 1 of Ch. 73-155, Laws of Florida) impliedly repealed a charter provision that allowed certain nonresident property owners to vote in municipal elections, and that only residents could register to vote; see also, Barndollar v. Sunset Realty Corp., 379 So.2d 1278 (Fla. 1979), striking down a special law provision for voting by nonresident freeholders, and noting that there is a general policy in this state against nonresident participation in municipal elections; AGO 73-426, concluding that the provisions of Ch. 73-155, supra, superseded all other existing laws, special acts or charter provisions on the subject of municipal voter qualifications and registration; AGO 73-484, concluding that municipal charter provisions which establish voter qualifications different from those established by general law are superseded by those provisions of Ch. 98, F.S., enacted by Ch. 73-155, Laws of Florida.
Sections 166.032 and 98.091, F.S., impose a general law requirement that municipal voters must be residents of the municipality in which they vote. In light of City of Miami Beach v. Rocio Corp., 404 So.2d 1066 (3 D.C.A.Fla., 1981), pet. rev. den., 408 So.2d 1092 (Fla. 1981), which discusses the rule that municipal ordinances may not conflict with state law, I must conclude that the City of Okeechobee may not validly adopt an ordinance which would allow nonresidents who own real property in the city to vote in city elections, since such an ordinance would conflict with the express provisions of ss 166.032 and 98.091, F.S. See also, State v. Redner, 425 So.2d 174 (2 D.C.A.Fla., 1983), citing Rinzler v. Carson, 262 So.2d 661 (Fla. 1972); Edwards v. State, 422 So.2d 84 (2 D.C.A.Fla., 1982) (holding that a state statute always prevails over a conflicting municipal ordinance).
In summary, it is my opinion that the City of Okeechobee does not have home rule power to adopt an ordinance which would authorize resident electors of Okeechobee County who own real property in the City of Okeechobee to vote in city elections, since such an ordinance would conflict with the express provisions of ss 166.032
and 98.091, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General