# HINDERY v. DEPARTMENT OF STATE, etc.
## Case No. 84-3458
Second Judicial Circuit, Leon County

June 11, 1985

### APPEARANCES OF COUNSEL

**Keith C. Tischler** for plaintiff.

**William H. Ravenell,** Assistant Attorney General, for defendants.

**Gene "Hal" Johnson** for intervenor, Alachua County Police Benelovent Association.

### OPINION OF THE COURT

CHARLES E. MINER, JR., Circuit Judge.

This cause came on to be heard on April 30, 1985, upon the Motion to Intervene of the Alachua County Police Benevolent Association, Inc., and Motions for Summary Judgment submitted by both Plaintiff and the Defendants. Having considered the motions and memoranda of law submitted by the parties, having heard argument of counsel, and being advised in the premises, the Court finds:

The 1984 Legislature enacted House Bill 1279, which became Chapter 84-388, Laws of Florida. Chapter 84-388 is a special Act creating a

civil service system for the deputies and employees of the Alachua County Sheriff. Because it is a special Act, notice of intention to seek its enactment was required to be published on at least one occasion at least thirty (30) days prior to its introduction in the Legislature. Article III, Sec. 10, Florida Constitution; Sec. 11.02, F.S.

In March and April, 1984, published in the *Gainesville Sun* was a brief statement which Defendants submit constituted sufficient public notice to comply with the notice requirements of Florida law. This notice, in its entirety, is set out, as follows:

### PUBLIC NOTICE

Authorize the Board of County Commissioners of Alachua County to establish a civil Service System for the employees, officers and appointees of the office of the Sheriff of Alachua County, Alachua County Benevolent Association.

With regard to special acts, the pertinent provisions of Article III, Sec. 10 of the Florida Constitution provides:

No special law shall be passed unless notice of intention to seek enactment thereof has been published in the manner provided by general law.

The general law dealing with the publication of notice is Sec. 11.02, F.S. which provides:

Notice of special or local legislation shall state the substance of the contemplated law, as required by Sec. 10, Article III of the State Constitution.

In applying these provisions, the Florida courts have required that:

The notice must be sufficient to apprise the inhabitants of the affected area and directly interested persons of the general nature and purpose of the act.

*Barndollar v. Sunset Realty Corp.*, 379 So.2d 1278, 1279 (Fla. 1979); State ex rel. *Watson v. City of Miami*, 153 Fla. 653, 15 So.2d 481 (1943).

In *North Ridge General Hospital v. City of Oakland Park*, 374 So.2d 461, 464 (Fla. 1979), the Florida Supreme Court noted that the function of the notice provision of the statute was to provide

"reasonable notice to a person whose interests may be directly affected by the proposed legislation, so that he may inquire further into the details thereof and, if he so desires, seek to prevent its enactment or persuade the legislature to change its substance."

**19**

A fair reading of the "Public Notice" that appeared in the *Gainesville Sun* impels the conclusion that it does not even minimally, much less substantially, comply with the cited sections of the Florida Constitution and statute. It contains neither inkling nor hint that any person, commission or association intends to seek passage of a special act by the 1984 Legislature pertaining to *any* subject. For aught the casual reader might glean, the Alachua County Commission had under consideration at the time a proposal for establishing a civil service system for employees, officers and appointees of the Alachua County Sheriff's office *and* the Alachua County Benevolent Association.

Though that which was printed in the *Sun* is styled "Public Notice", in truth, it was no valid notice of anything, not a county commission meeting, not of any intention on the part of anyone or any entity to seek enactment of legislation, not a career service system to be established by the county commission. If by stretching common understanding to the breaking point it could be argued that this "notice" was sufficient to inform the public of an intent to seek special legislation, then the notice was inaccurate and misleading, at best. It speaks of authorizing the Alachua County Commission to establish a career service system for sheriff's employees, officers and appointees. The special act which was passed does not purport to give the Alachua County Commission this authority. Rather, it reposes such authority in the Sheriff provided he does not run afoul of the Commission's budget making powers. See Sec. 1, sub-section 4 of Ch. 84-388, Laws of Florida. Nowhere else in the act is the county commission mentioned.

Whether Ch. 84-388 is constitutionally infirm on other grounds as asserted by the Plaintiff need not be decided in view of the wholly insufficient, hence illegal and unconstitutional, notice that previewed its enactment. Suffice it to say that Plaintiff's other constitutional arguments might well serve to stimulate future legislative debate on similar legislation.

The premises considered, it is ORDERED and ADJUDGED, as follows:

1. The Motion to Intervene of the Alachua County Police Benevolent Association, Inc. is granted.

2. Chapter 84-388, Laws of Florida, is declared to be unconstitutional, illegal, invalid, and of no force and effect whatever. Defendant George Firestone, Secretary of State, is hereby directed to cause to be expunged from the statutes of this State this law in its entirety and Defendants are hereby enjoined from enforcing in anyway the provisions of Chapter 84-388, Laws of Florida.