HERSEY, Chief Judge.
The state appeals the trial court’s dismissal of charges against the appellee. We affirm.
On July 20, 1984, appellee, desiring to run for the office of county commissioner in Broward County, District # 4, presented his qualifying papers to the office of the supervisor of elections. After learning that the county commissioner seat for District #4 was not open, he changed his papers to indicate that he desired to run for District # 3. Appellee was, at the time, a resident of District # 4.
Section 99.032, Florida Statutes (1983), requires that “[a] candidate for the office of county commissioner shall, at the time he qualifies, be a resident of the district from which he qualifies.” (emphasis added). Appellee was charged with violation of this statute and subsequently filed a motion to dismiss. The trial court granted appellee’s motion to dismiss on the ground *475 that the statute is unconstitutional in that it is inconsistent with article VIII, section 1(e), Florida Constitution (1968), which provides:
Commissioners. Except when otherwise provided by county charter, the governing body of each county shall be a board of county commissioners composed of five members serving staggered terms of four years. After each decennial census the board of county commissioners shall divide the county into districts of contiguous territory as nearly equal in population as practicable. One commissioner residing in each district shall be elected by the electors of the county.
(emphasis added).
“[S]tatutes imposing additional qualifications for office are unconstitutional where the basic document of the constitution itself has already undertaken to set forth those requirements.” State ex rel. Askew v. Thomas, 293 So.2d 40, 42 (Fla.1974); see also Wilson v. Newell, 223 So.2d 734 (Fla.1969). In the present case, we interpret the constitution as providing only that a candidate for county commission be a resident of his district at the time of election. As noted by the trial court, since the disputed statute goes one step further in requiring residency at an earlier date — the time of qualifying as a candidate — the statute constitutes an impermissible addition to the constitutional qualifications for the office of county commissioner and is therefore unconstitutional.
Accordingly, the trial court’s order dismissing the charges against appellee is
AFFIRMED.
DOWNEY and GUNTHER, JJ., concur.