PER CURIAM.
This is an appeal by Anthony Clemente, as Director of Metropolitan Dade County Environmental Resources Management, from a summary final judgment. The judgment appealed was entered by the Circuit Court of Dade County in favor of appellees in an action by the Director charging appellees with violating section 26B-3(a), Metropolitan Dade County Code, by removing trees from their land without a permit.
The issues before the trial court on appellees’ motion for summary judgment concerned the constitutionality of section 26B-5(D)(3), Metropolitan Dade County Code (“circumstances justifying issuance” of tree removal permit, referencing factors set out in section 26B-5(E)(2)(aHg))» and the status of appellees to raise their constitutional challenge. It is appellant’s contention on appeal that the trial court erred in entering summary judgment in favor of the appellees upon finding that: 1) appellees had standing to raise the constitutionality of section 26B-5(D)(3); 2) section 26B-5(D)(3) was unconstitutional;[1] and 3) section 26B-5(D)(3) was not severa-ble from the remainder of chapter 26B, thereby invalidating the entire ordinance.
We have carefully considered the briefs and arguments of counsel and the record on appeal and have concluded that the trial *983 court was correct in determining that no genuine issues of material fact existed and that appellees were entitled to summary judgment as a matter of law. See Barndollar v. Sunset Realty Corp., 379 So.2d 1278 (Fla.1979); Lewis v. Bank of Pasco County, 346 So.2d 53 (Fla.1977); State ex rel. Limpus v. Newell, 85 So.2d 124 (Fla.1956); Henderson v. Antonacci, 62 So.2d 5 (Fla.1952); Kumar Corp. v. Nopal Lines, Ltd., 462 So.2d 1178 (Fla. 3d DCA), review denied sub nom. S.E.L. Maduro (Florida), Inc. v. Kumar Corp., 476 So.2d 675 (Fla.1985).
Affirmed.

. The record reflects that the trial court’s finding of the unconstitutionality of this section was based upon the court’s agreement with appel-lees’ contention that the referenced factors set forth in section 26B-5(E)(2)(a)-(g) do not provide the reviewing agency with sufficient guidelines for exercising its discretion in deciding whether or not to grant a tree removal permit, so as to guard against an arbitrary decision. The factors sire as follows:
(a) Existing tree coverage on the site and in the immediate surrounding area.
(b) Number of trees to be removed on the entire site.
(c) The type, size and condition of the tree(s) to be removed.
(d) The feasibility of relocating the particular tree or trees.
(e) Topography and drainage of the site.
(f) The extent to which the tree(s) contribute to the aesthetic, economic and environmental integrity of the surrounding area.
(g) The nature of the existing and intended use of the property. Where the site is zoned and proposed for bona fide agricultural purposes as defined in this chapter, this shall be considered as a special circumstance justifying the issuance of the tree removal permit.