Mr. Frank T. Gaylord City Attorney City of Eustis Post Office Drawer 68 Eustis, Florida 32727-0068
Dear Mr. Gaylord:
You have asked substantially the following question:
 Does a municipality have the authority to impose a two-year residency requirement as a prerequisite to holding the office of city commissioner?[1]
In summary:
 A city may impose a durational residency requirement upon a candidate for election to the office of city commissioner, if there is a rational basis for the requirement.[2]
In Nichols v. State, the Supreme Court of Florida upheld a special act requiring a one-year residency before a candidate for commissioner of the City of Melbourne could be qualified for the office.[3] Likewise, in Daves v. City of Longwood, the constitutionality of a special act imposing a one-year residency requirement for candidacy to the office of city council was upheld.[4] In both cases, the courts found it reasonable to impose a one-year residency requirement as a condition of candidacy for municipal office.
From the holdings in Nichols and Daves, it appears clear that durational residency qualifications can be prescribed for municipal office. This office has previously stated, as a general rule, that residence for a period of time within a city or political unit for which an officer is elected or appointed is not a necessary qualification for the officer, absent an express statutory or constitutional provision requiring it.[5] My review of the Florida Constitution and Ch. 99, F.S., pertaining to qualifications for public office, reveals no prescribed qualifications for municipal office.[6] Furthermore, I am not aware of, nor have you provided, any constitutional, general-law, or special-law prohibition on a municipality's imposing a durational residency requirement as a qualification for municipal office.[7]
Any classification based upon length of residency would have to comply with the mandates of the Equal Protection Clause and the Privileges and Immunities Clause of the Fourteenth Amendment, as well as the Interstate Commerce Clause of the United States Constitution.[8]
Where a statute does not affect a fundamental right or create a suspect classification, the rational basis test is applied to determine if the statute is unconstitutional.[9] The rational basis test requires only that governmental action bear some reasonable relationship to a legitimate state purpose.[10]
In Daves, the court concluded that the imposition of a reasonable durational residency requirement as a qualification for candidacy to a significant office does not interfere with fundamental rights.[11] The court additionally found that the residency requirement reasonably assured legitimate objectives that a candidate is a bona fide resident of the city he or she seeks to represent, has lived there long enough to know the issues confronting the city, and is known by the voters.[12]
It appears, therefore, a statute imposing a durational residency requirement upon candidacy to a municipal office would be upheld if it bears a reasonable relationship to a legitimate state interest.
This office has not been provided with information regarding the rationale underlying the two-year residency requirement and, therefore, can express no comment as to whether there exists a rational basis for requiring it of a candidate for the office of city commissioner.[13] Moreover, if such a requirement were challenged, a determination of whether a rational basis exists would be left to a court of competent jurisdiction.[14]
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] The City of Eustis has adopted an ordinance amending the city's charter requiring a candidate for the office of city commissioner to have been a resident and elector of the city for two years immediately preceding the candidate's application in order to be eligible to hold the office of city commissioner. See, s. 2, Art. III, Charter of the City of Eustis, as amended by Ordinance No. 79-15, adopted August 16, 1979.
[2] It should be noted, however, that this office must presume the validity of a duly enacted statute or ordinance, and offers no comment as to the validity of the existing ordinance. See, Jetton v. Jacksonville Electric Authority, 399 So.2d 396 (1 D.C.A. Fla., 1981) (there is a presumption that legislative enactments are constitutional). See also, s. 2(b), Art. VIII, State Const., securing to municipalities the exercise of any power for municipal purposes, except when expressly prohibitied by law, and s.166.021(3), F.S., in which the Legislature recognizes that the legislative body of each municipality has the power to enact legislation concerning any subject matter upon which the state Legislature may act, except as otherwise provided or prohibited in the Constitution or as preempted to the state or county government by the Constitution, general law, or county charter adopted under the authority of ss. 1(g), 3, and 6(e), Art. VIII, State Const. 
[3] 177 So.2d 467 (Fla. 1965). See also, State ex rel. Attorney General v. George, 3 So. 81 (Fla. 1887) (in the absence of statutory or constitutional provision, a person cannot be excluded from holding municipal office because of a lack of qualifications which are required by law of voters).
[4] 423 F. Supp. 503 (M.D.Fla., 1976).
[5] See, AGO 75-30, relying upon 26 Fla.Jur. Public Officers s. 27, p. 187, citing State ex rel. Attorney General v. George,3 So. 81 (Fla. 1887), in which the court concluded that a marshal of a town was not ineligible to hold office due to his not having been a resident of the town for six months, absent a statutory or constitutional provision requiring such residency.
[6] In the absence of constitutionally prescribed qualifications, it is unnecessary to comment upon cases involving statutory qualifications in addition to those in the Constitution. For further discussion on this issue, however, see: State ex rel. Askew v. Thomas, 293 So.2d 40, 42 (Fla. 1974) (statutes imposing additional qualifications for office are unconstitutional where the Constitution has already set forth those requirements); Wilson v. Newell, 223 So.2d 734 (Fla. 1969) (holding unconstitutional a statute prescribing qualifications for county commissioner's office in addition to those prescribed by the Constitution); State v. Grassi, 492 So.2d 474 (4 D.C.A.Fla., 1986) (statute requiring residency of a candidate at the time of qualification held unconstitutional as the Constitution requires residency only at the time of election).
[7] Cf., s. 5, Art. IV, State Const., requiring that the governor, lieutenant governor and each cabinet member be an elector not less than thirty years of age who has resided in the state for the preceding seven years; s. 1(e), Art. VIII, State Const., providing that "[o]ne commissioner residing in each district shall be elected as provided by law"; and s. 15(c), Art. III, State Const., requiring each legislator to be an elector, a resident of the district from which elected and a resident of the state for two years prior to election.
[8] See, s. 1, Amend. XIV, U.S. Const. (no state shall make or enforce any law which abridges the privileges or immunities of the citizens of the United States, nor deny to any person within its jurisdiction the equal protection of the laws) and cl. 3, s. 8, Art. I, U.S. Const. (Congress empowered to regulate commerce among the several states). And see, AGO's 87-58, 76-124 and 74-279, recognizing that any resident-nonresident classification made by a municipality must comply with these constitutional provisions.
[9] See, Daves v. City of Longwood, supra, generally discussing the appropriate standard by which a statute should be reviewed.
[10] See, Vildibill v. Johnson, 492 So.2d 1047 (Fla. 1986) (statutory classification that is neither suspect nor invades a fundamental right must only be rationally related to a legitimate state interest).
[11] Daves v. City of Longwood, supra at 505.
[12] Daves v. City of Longwood, supra at 506.
[13] See, AGO 86-7, in which this office was unable to advise whether there existed a rational basis for imposing a requirement of nonresidence for employment within a special district, without advice as to the reason or reasons for such a policy.
[14] Cf., Minnesota v. Clover Leaf Creamery Co., 449 U.S. 456
(1981) (since legislation is presumptively valid, state is not required to convince court as to correctness of legislative judgment; rather, burden is on challenger to demonstrate that legislative classification is arbitrary and unreasonable).